UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK A. TAYLOR                                                               PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:11CV-P171-R

MCCRACKEN COUNTY JAIL *et al.*                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

**I.**

Plaintiff Mark A. Taylor initiated this *pro se* action by filing a handwritten complaint on his own paper. Taylor is, and was at the time he filed the complaint, an inmate at the McCracken County Jail. He reports that starting on October 4, 2011, the 34th inmate was housed in Cell Block #3. He claims that the cell is only designed to bed 20 inmates; thus 14 inmates are sleeping on the floor of the approximately 1800 sq. ft. cell. Plaintiff reports experiencing dizziness, lightheadedness, labored breathing, and increased stress due to the increased, prolonged overpopulation.

Because Taylor filed his complaint on his own paper, the Court ordered him to submit his complaint on a form for filing an action pursuant to 42 U.S.C. § 1983. In this amended complaint, as Defendants, Taylor names Bill Adams, Jailer of the McCracken County Jail; the McCracken County Jail; and McCracken County. In the "Statement of Claim(s)" section of the complaint form, Taylor writes, "As for filing pro se Plaintiff respectfully submits violations from copies compiled and retained for Civil Action No. 5:11-CV-P164-R to be applied for a statement of claims for Civil Action No. 5:11-P171-R." As relief, he seeks $25,000,000 in monetary and punitive damages and injunctions mandating creation of an "independent overseeing company" committee with oversight in conjunction with county and health agencies.

In Civil Action No. 5:11CV-P164-R referenced by Taylor, he sued, like in the instant action, Jailer Bill Adams, McCracken County Jail, and McCracken County. He filed suit under 42 U.S.C. § 1983 complaining of numerous conditions at the McCracken County Jail that he believes are unsanitary and dangerous, including overcrowding. *See* 5:11CV-P164-R, DN 1, Compl., Attach. C, p. 3. He also alleged that prison officials ignored or refused to accept his grievances about those conditions. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Taylor's injunctive-relief claim against McCracken County for unsafe and unsanitary conditions at the McCracken County Jail to proceed for further development and dismissed all other claims.

Because Taylor has sued the same defendants in both actions and desires that the claims/violations in Civil Action No. 5:11CV-P164-R be applied to the instant action, the Court concludes that the instant case is merely a duplicate of the senior action, 5:11CV-P164-R. Consequently, by separate Order, the Court will administratively close the instant action without prejudice to the pending senior action in 5:11CV-P164-R.

**II.**

Although this action is being dismissed, the Court must address Taylor's motion to amend the complaint (DN 16) and motions for various injunctive relief (DNs 9-12).

The claims in the recently filed motion to amend are duplicative of claims raised in the senior case, 5:11CV-P164-R, and in fact, Taylor has filed that exact same motion to amend in the senior case. *See* DN 33. As the motion to amend will be considered in the senior case, **IT IS ORDERED** that the motion to amend filed in the instant action (DN 16) is **DENIED without prejudice**.

Taylor also filed four motions for miscellaneous injunctive relief, which the Court construes as requests for preliminary injunctive relief.

First, Taylor filed a motion "to request a no retaliation injunction under penalty of further civil action in order to stop actions against plaintiff such as those that have already taken place." Because Taylor is complaining of past acts, a preliminary injunction is improper. **IT IS THEREFORE ORDERED** that the motion for "a no retaliation injunction" (DN 9) is **DENIED**.

Second, Taylor filed a motion "to request prohibitory injunction remedy in order to stop the painting of the McCracken County Jail due to injury from exposure" to paint fumes without adequate or proper ventilation. He states that he "has suffered injury from direct exposure to hazardous industrial enamel paint fumes and gases in his double bunked cell in which industrial paint was applied to." Taylor did not raise the painting claim in the instant action, and in his motion, he is complaining of exposure in the past. **IT IS THUS ORDERED** that the motion "to request prohibitory injunction" (DN 10) is **DENIED**.

Third, Taylor filed a motion "to request injunction of overcrowding at the McCracken County Jail based on evidence by documentation of prolonged overcrowding." He claims that up to 16 county, state, and federal inmates have been sleeping on the floor for an extended period of time in cell #3. In his motion, Plaintiff does not describe how this overcrowding affects him or necessitates any immediate injunctive relief. Moreover, this is a condition of confinement that he complains about in the senior action. **IT IS THEREFORE ORDERED** that the motion "to request injunction of overcrowding" (DN 11) is **DENIED**.

Finally, Taylor filed a motion for "injunction of federal funding due to non compliance by persistant prolong overcrowding and failure to provide facility accommodations up to the standards of federal inmate housing guidelines, regulations" (DN 12). Under these circumstances, the Court cannot direct a federal agency to cease funding. Accordingly, **IT IS ORDERED** that the motion for "injunction of federal funding" (DN 12) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
4413.005